## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

O'Malley

v.

Guido

July 8, 1988

Case No. CH87-9

By JUDGE WILLIAM H. LEDBETTER, JR.

In this case, the O'Malleys, owners of 511 Charlotte Street, claim a parking easement by prescription on a portion of 509 Charlotte Street, owned by Guido.

In the early 1930's, E. C. "Peck" Heflin built several single-family residences along the north side of Charlotte Street, near Federal Hill, on property that he had acquired from the Estate of A. B. Bowering. During the remainder of his life, Mr. Heflin rented the houses to various tenants.

Curb cuts were made along Charlotte Street so that the tenants could park their vehicles in small 10 foot by 20 foot spaces between the houses. For some reason, apparently, because the front entrance door of each house was toward the right side, the tenants habitually parked their vehicles on the right side of their respective houses. As a result, the tenants occupying 513 Charlotte Street parked their vehicles between 513 and 511 Charlotte

Street; the tenants occupying 511 Charlotte Street parked their vehicles between 511 and 509 Charlotte Street; etc.

When Mr. Heflin died, he devised the property to his sister, Bessie U. Heflin. Until her death in 1964, Miss Heflin continued to rent the houses to tenants, and the tenants' method of parking, explained above, remained the same.

In 1965, the executors of Miss Heflin's estate subdivided the property into lots, each lot containing one of the houses, and sold each lot separately. The conveyances were made by reference to a plat made by John C. Russell, dated February 12, 1965, copies of which are in evidence.

The platted lots lines between the houses were such that the parking space, or driveway, used by the occupants of each house ended up on the adjacent lot to the right. As a consequence, the owners of 513 Charlotte Street parked their vehicles on property designated as 511 Charlotte Street; the owners of 511 Charlotte Street parked their vehicles on property designated as 509 Charlotte Street, etc. Nevertheless, this parking pattern continued, apparently without incident, until this dispute arose in 1987 between the owners of 511 and 509 Charlotte Street.

The O'Malleys purchased and occupied 511 Charlotte Street in 1974. Before them, the property was owned by Booth (1972-1974), McGrath (1968-1972), and Hedge (1965-1968).

Guido acquired 509 Charlotte Street in 1987. Before her, the property was owned by Scott (1983-1987), Dodson (1966-1983), and Parks (1965-1966).

The evidence is uncontradicted that the O'Malleys and their predecessors in title have continuously parked vehicles in the driveway, or parking space, located on 509 Charlotte Street, and that such use has been visible, uninterrupted, with the knowledge and acquiescence of the successive owners of 509 Charlotte Street. The use has been exclusive in that it has not been used by the public generally; in fact, the use has not been shared with anyone, including the owners of 509 Charlotte Street.

The O'Malleys' bill asks the court to establish an easement and to enjoin interference with their use of the parking space in question. Guido has answered, denying that the O'Malleys have a prescriptive easement on her property, and she has filed a cross-bill for injunc-

tive relief against the O'Malleys. The O'Malleys have answered the cross-bill.

On December 23, 1987, the matter was referred to a commissioner in chancery. The commissioner heard the evidence on April 20, 1988, and thereafter filed his report, which is favorable to the O'Malleys. Guido filed exceptions to the report, and arguments on those exceptions were heard on June 30, 1988.

The uninterrupted use and enjoyment of an incorporeal right, such as an easement, for a period beyond the memory of men was held at common law to furnish a presumption of a prior grant of that which had been so enjoyed. In Virginia, the period of enjoyment has been reduced from an "immemorial period" to a fixed period of twenty years. To acquire a right by prescription the use and enjoyment of what is claimed must have been adverse, under a claim of right, exclusive, continuous, uninterrupted and with the knowledge and acquiescence of the owner of the estate out of which the easement prescribed for is claimed. *See generally* 14B M.J., *Private Ways* § 10 and § 11; 14B M.J., *Prescription* § 3; and 6B M.J., *Easements* § 14.

The presumption of a grant from lapse of time is not conclusive, or a rule of law, but is merely prima facie and may be rebutted. In every case the burden is on the party claiming a prescriptive easement to establish its existence by clear and convincing proof. *Markham v. Hall*, 215 Va. 683 (1975); *Martin v. Proctor*, 227 Va. 76 (1984); *Pettus v. Keeling*, 232 Va. 483 (1987).

In this case, the commissioner has reported as follows:

> From 1965 until the parking incident in 1987, the owners of 511 Charlotte Street openly, visibly, continuously and exclusively used the subject parking area on 509 Charlotte Street unmolested.

The commissioner's finding is supported by the testimony of witnesses who appeared before the commissioner, summarized by the commissioner in his report.

The court independently has read the complete transcript of the commissioner's hearing and examined the legal principles applicable to this controversy, as a result of which the chancellor agrees with the findings

of the commissioner and is of the opinion that the evidence clearly and convincingly establishes that the parking area on 509 Charlotte Street has been used and enjoyed by the owners of 511 Charlotte Street openly, exclusively, continuously, uninterruptedly, under a claim of right, with the knowledge and acquiescence of the owners of 509 Charlotte Street, for a period exceeding twenty years. Consequently, a presumption of prescriptive easement arises in favor of the O'Malleys.

Guido claims, in essence, that she has successfully rebutted the aforesaid presumption by showing that the use was permissive only, beginning with the permission of the Heflins, as landlords, prior to 1965 when the houses were rental units. She relies upon *Martin v. Proctor, supra*, in which the Court said that an easement will not arise by prescription where the use originally was permissive, no matter how long the permissive use may continue, unless the owner of the dominant estate (i.e., the user) indicates an adverse and hostile claim by some decisive act.

The commissioner disagrees with Guido's contention. The commissioner has reported that "there is no direct evidence of how the [parking] plan was started."

While a commissioner's report is not treated with the same respect and dignity as a jury verdict, it is entitled to great weight; and where, as here, the commissioner has taken the evidence, observed the witnesses, researched the law, and filed a thorough and incisive report, the report should not be rejected unless the conclusions drawn from the facts are plainly wrong or inappropriate legal principles have been applied. Virginia Code § 8.01-610; *Ingram v. Ingram*, 130 Va. 329 (1921); *Hill v. Hill*, 227 Va. 569 (1984).

Giving the commissioner's findings the weight to which they are entitled, and considering the chancellor's independent review of the evidence, it is the opinion of the court that the presumption of prescriptive easement has not been rebutted by sufficient evidence of permission. Admittedly, some inferences can be drawn from the testimony of Guido's witnesses to suggest that the parking arrangement among the Heflin tenants was by permission of the landlord. As noted by the commissioner, however, it can as easily be suggested that the occupants of the

houses, as well as the landlord, "acknowledged a more durable arrangement than that."

At bottom, the court is not persuaded by these evidentiary inferences that the use of 509 Charlotte Street for vehicular parking by the occupants of 511 Charlotte Street originated by or with the permission of Mr. "Peck" Heflin or Miss Bessie U. Heflin, the landlords.

Even if the parking arrangement in question originated with the permission of the landlord, i.e., assuming that the landlord expressly granted the tenants permission to park their vehicles to the right side of their respective houses, such permission is not the same "permissive use" that negates a prescriptive easement. As explained in *Martin v. Proctor*, a permissive use arises when the owner of the servient estate gives permission for the use to the owner of the dominant estate. In a landlord-tenant relationship, there can be no "dominant" or "servient" parcel, and all concepts related to prescriptive easements are alien and inapplicable. Thus, it is irrelevant to this inquiry whether Mr. "Peck" Heflin or Miss Bessie U. Heflin did or did not permit the tenants to park their vehicles on the right side of their respective houses.

The irrelevance of the foregoing proposition is underscored by the fact that the Heflin property was not subdivided until 1965. Therefore, assuming arguendo that Mr. Heflin gave permission to his tenant who lived at 511 Charlotte Street to park on the right side of that house, he would *not* have been granting a permissive use upon separate property belonging to 509 Charlotte Street. At that time, all of the rental units comprised a single tract; 511 and 509 Charlotte Street were merely street designations, not separate lots. According to the evidence, it was the 1965 Russell plat that divided the Heflin tract into separate lots, and the lots were sold by reference to that plat. Only from 1965 can it be said that the owner or occupant of one parcel of land (the dominant parcel) used and enjoyed a portion of another parcel of land (the servient parcel). As the commissioner has concluded, "the year 1965 was a watershed," and the character of the use must be determined by reference to actions and circumstances since 1965, when the parcels were first subdivided.

Since 1965, when 509 and 511 Charlotte Street were first divided into separate lots, the owners and occupants of 511 Charlotte Street have used and enjoyed a parking area on 509 Charlotte Street. The use has been open, visible, exclusive, continuous, uninterrupted, under claim of right, with the knowledge and acquiescence of the owners of 509 Charlotte Street. The use did not originate by permission, as that term is used in the law of prescriptive easements. Because the use has continued for more than twenty years, the owners of 511 Charlotte Street have acquired a prescriptive easement for parking on 509 Charlotte Street.

The extent of the right so acquired is measured and determined by the extent of the use out of which it originated. The evidence establishes that the dimensions of the existing parking area are approximately 10 feet by 20 feet. Accordingly, the extent of the parking easement appurtenant to 511 Charlotte Street is identical to the dimensions of the existing use, approximately 10 feet wide by 20 feet deep.

The commissioner's fee in the amount of $500.00 is plainly reasonable, and will be allowed. Although the O'Malleys prevailed, a resolution of the dispute involved a careful analysis of the evidence and the complexities of the legal principles applicable to incorporeal rights. Accordingly, the costs of this proceeding will be taxed to the parties in equal shares, and, in addition, each party will bear his/her own counsel fees.